**UNITED STATES of America, Appellee,**

v.

**Lawrence MACCHIA, Defendant–Appellant.**

**No. 1037, Docket 94–1497.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 17, 1994.

Decided Oct. 19, 1994.

Filed Nov. 21, 1994.

---

Gerald B. Lefcourt, Joshua L. Dratel, Lefcourt & Dratel, P.C., New York City, for defendant-appellant.

Robert E. Lindsay, Dept. of Justice, Washington, DC, for appellee.

Before: NEWMAN, Chief Judge, ALTIMARI and LEVAL, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This interlocutory appeal in a criminal case endeavors to secure pretrial review of a ruling denying a motion to dismiss an indictment alleged to have been returned in violation of an immunity agreement. The appeal is brought by Lawrence Macchia from the August 24, 1994, ruling of the District Court for the Eastern District of New York (Leonard D. Wexler, Judge), 861 F.Supp. 182, construing the immunity agreement to have conferred only derivative use immunity and not transactional immunity. We conclude that recent Supreme Court pronouncements have altered the law of this Circuit, which formerly permitted such interlocutory appeals, and we therefore dismiss the appeal for lack of appellate jurisdiction.

## Background

Macchia and seven co-defendants were indicted for conspiracy to defraud the United States, 18 U.S.C. § 371, and attempting to evade excise taxes, 26 U.S.C. § 7201, in connection with an alleged scheme to avoid paying federal gasoline taxes. The offenses are detailed in *United States v. Macchia,* 35 F.3d 662 (2d Cir.1994), an unsuccessful pretrial appeal by two of Macchia's co-defendants claiming insulation from trial on double jeopardy grounds. Macchia sought to prevent his trial on the basis of an immunity agreement containing the following language:

> Any truthful statements made by Lawrence Macchia in response to questions asked of him by government attorneys and agents during this interview *or any information arising from or relating thereto* will not be used against Lawrence Macchia in any criminal prosecution by the United States government, or by the State of New York, or its political subdivisions (emphasis added).

Macchia contended in the District Court that the emphasized words, especially the words "or relating thereto," added at the insistence of his counsel, broadened the agreement beyond use immunity and, in effect, conferred transactional immunity since any evidence relevant to the charge against him would necessarily "relat[e] to" his statements. Judge Wexler disagreed, denied the motion

to dismiss, and also ruled that a so-called *Kastigar* hearing, *see Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), to determine whether the protection of derivative use immunity was observed, would be deferred until after the trial. This appeal followed.

On September 23, 1994, the Government moved to dismiss for lack of appellate jurisdiction. After considering opposing papers and with the scheduled trial date approaching, we issued an order on October 19, 1994, granting the motion to dismiss and indicating that an opinion would follow. We now issue that opinion.

## Discussion

The Government contends that a pretrial interlocutory appeal is not available to consider a defendant's claim that an immunity agreement has conferred insulation from trial. This jurisdictional issue has evoked varying responses from courts. *Compare United States v. Abbamonte*, 759 F.2d 1065 (2d Cir. 1985) (order denying dismissal of indictment on ground of prior plea agreement appealable), *with United States v. Bird*, 709 F.2d 388 (5th Cir.1983) (order denying dismissal of indictment on ground of prior plea agreement not appealable), *and United States v. Eggert*, 624 F.2d 973 (10th Cir.1980) (same). The disagreement has stemmed from uncertainty as to the continued force of the Supreme Court's 1910 decision in *Heike v. United States*, 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821 (1910). In *Heike*, the Supreme Court unequivocally rejected an interlocutory appeal in the context of a claim of statutory immunity flowing from a grand jury appearance, 217 U.S. at 433, 54 S.Ct. at 542–43. Sixty-seven years later, however, the continued force of that decision was put in doubt by *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), which allowed an interlocutory appeal of an adverse double jeopardy ruling. *Abney* rendered *Heike* uncertain because *Heike* had explicitly relied on the *unavailability* of pretrial appeals to challenge adverse double jeopardy rulings. *Heike*, 217 U.S. at 432, 54 S.Ct. at 542.

The tension between *Abney* and *Heike* began to be resolved the year after *Abney* was decided. In *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Court ruled that an interlocutory appeal was not available from a ruling denying a motion to dismiss for alleged violation of the Sixth Amendment right to a speedy trial. Though the speedy trial claim, if upheld in the trial court, would have insulated the defendant from having to defend against the criminal charges, the Court ruled that the Sixth Amendment right would be adequately vindicated by a reversal of the conviction on appeal from a final judgment. In a footnote, the Court pointed out that not every claim that, if successful, would require dismissal of an indictment may be the basis for interlocutory review, and cited *Heike*, presumably as an example of claims that must await post-conviction review. *Id.* at 860 n. 7, 98 S.Ct. at 1552–53 n. 7. However, the *MacDonald* footnote did not comment on the fact that *Abney* had allowed pre-conviction appeal of a double jeopardy claim, the analogy on which *Heike* had relied.

More recently, in *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989), the Court elevated the language of the *MacDonald* footnote to the text, *id.* at 801, 109 S.Ct. at 1499, and gave a very strong signal that a rejected immunity claim may not be raised on an interlocutory appeal. *Midland Asphalt* ruled that an interlocutory appeal was not available to challenge the denial of a motion to dismiss an indictment on the ground of an alleged violation by the Government of Rule 6(e) of the Federal Rules of Criminal Procedure. The Court explained that interlocutory appeal may occur not merely when the right at issue, if vindicated, will result in dismissal of the indictment, but only when the right at issue is itself a constitutional or statutory right not to be tried, such as the protections of the Double Jeopardy Clause, *see Abney v. United States, supra*, or the Speech or Debate Clause, *see Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

It is arguable that an immunity claim satisfies even the limited right of interlocutory

appeal recognized in *Midland Asphalt*. The argument would be at its strongest if the immunity claim were grounded on statutory insulation, such as that formerly contained in 18 U.S.C. § 3486, *repealed by* Pub.L. 91–452, tit. II, § 228(a), 84 Stat. 930 (1970). *See Ullmann v. United States*, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956). Statutes such as former section 3486, which conferred transactional immunity, typically provided that "no such [immunized] witness shall be prosecuted." 18 U.S.C. § 3486(c). Such a prohibition seems to be an "explicit statutory ... guarantee that trial shall not occur," *Midland Asphalt*, 489 U.S. at 801, 109 S.Ct. at 1499. Nevertheless, we cannot ignore the fact that *Midland Asphalt* quoted with approval the *MacDonald* footnote's reference to the unavailability of an interlocutory appeal to challenge immunity claims:

"Dismissal of the indictment is the proper sanction when a defendant has been granted immunity from prosecution, when his indictment is defective, or, usually, when the only evidence against him was seized in violation of the Fourth Amendment. Obviously, however, this has not led the Court to conclude that such defendants can pursue interlocutory appeals." *MacDonald, supra*, 435 U.S. at 860 n. 7, 98 S.Ct. at 1552–53 n. 7.

*Midland Asphalt*, 489 U.S. at 801, 109 S.Ct. at 1499. Apparently, the insulation from prosecution, and thus from trial, provided by a transactional immunity statute (like the one in *Heike*, 217 U.S. at 426, 30 S.Ct. at 540), is not the "explicit statutory ... guarantee that trial will not occur" that Justice Scalia had in mind.

■ The pending case presents a weaker claim for interlocutory appeal than would arise from a claim grounded on a statute explicitly insulating from prosecution a witness given transactional immunity. Macchia relies not on a statute conferring transactional immunity, but rather on an alleged agreement with the United States Attorney, the breach of which, he contends, violates the Due Process Clause of the Fifth Amendment. There can be virtually no doubt that a violation of the general prohibition of the Due Process Clause is not a violation of an "ex-

plicit statutory or constitutional guarantee that trial will not occur," as that phrase is used in *Midland Asphalt*.

■ The appellant seeks to draw comfort from the fact that his argument is grounded on a constitutional protection—the Due Process Clause, but that argument misses Justice Scalia's point. The test is not whether the right alleged to be impaired is grounded in the Constitution; MacDonald's claim, for which interlocutory appeal was denied, was based on the Sixth Amendment. The test is whether the pertinent protection, constitutional or statutory, explicitly guarantees a right not to be tried.

In this Circuit, we have heretofore permitted interlocutory appeals to assert breach of plea agreements alleged to confer immunity. *See United States v. Abbamonte*, 759 F.2d at 1070–71, *United States v. Alessi*, 544 F.2d 1139 (2d Cir.) (*Alessi III*), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Alessi*, 536 F.2d 978 (2d Cir.1976) (*Alessi I*). *Alessi I*, which predated *Abney*, allowed the interlocutory appeal, analogizing, for appeal purposes, claims based on immunity provisions of plea agreements to double jeopardy claims. 536 F.2d at 980 (relying on *United States v. Beckerman*, 516 F.2d 905 (2d Cir.1975)). In *Alessi III*, which reached us after certiorari had been granted in *Abney*, *Abney v. United States*, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976) (granting certiorari), the appealability issue evoked a strong opinion by Judge Friendly, arguing against pretrial review of double jeopardy and immunity claims. This view was evidently not shared by Judge Feinberg, who concurred in the result on the appealability issue. *Alessi III*, 544 F.2d at 1155. Though Judge Friendly, and Judge Van Graafeiland, who concurred in Judge Friendly's opinion, would have disallowed the interlocutory appeal and followed *Heike* "[i]f the point were open in this circuit," *id.* at 1152, they felt bound by *Alessi I*.

When the issue arose again after *Abney*, we said in *Abbamonte* that "[w]e are obliged to follow the holding on appealability in *Alessi* [*I* and *III*] unless we have some basis for concluding that that ruling has been eroded by subsequent decisions of the Supreme

Court." 759 F.2d at 1071. We did not find such erosion in *Abney*, and, though the *Mac-Donald* footnote had cited *Heike*, we evidently concluded that there was an insufficient basis for considering the law of this Circuit to have been altered. Now, however, *Midland Asphalt* has sent a clear message that at least an immunity claim grounded on the Due Process Clause, as we have in the pending case, and very likely an immunity claim grounded on a statute conferring transactional immunity, as in *Heike*, can no longer be raised on an interlocutory appeal. In *Midland Asphalt*, the Supreme Court has not only promoted to text the *MacDonald* footnote, which had cited *Heike*, but has also provided the explicit rationale that an interlocutory appeal will lie in the criminal context only where the constitutional or statutory protection relied upon confers a right not to be tried, as distinguished from a right to be free of some adverse action for which the remedy is dismissal of the indictment. Moreover, we need not consider the merits of appellant's claim for transactional immunity in order to determine our appellate jurisdiction: even if he is right that his immunity agreement should be construed to confer transactional immunity, his claim for dismissal of the indictment would still rest on the general prohibition of the Due Process Clause, rather than an immunity statute explicitly protecting the right not to be tried.

We therefore conclude that the appealability rulings in *Alessi I, Alessi III,* and *Abbamonte* have been eroded, and we overrule those rulings and dismiss this appeal for lack of appellate jurisdiction.[1]

---

1. This opinion has been circulated to the active judges of the Court.