UNITED STATES of America, Appellee,

v.

Calixto Raymond LEDON, also known as Carlos Ledon, Appellant.

No. 94–2336.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided March 9, 1995.

458

David A. Chesnoff, Las Vegas, NV, argued, for appellant.

Nathan P. Peterson, argued (Jon M. Hopeman, Minneapolis, MN, on the brief), for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

In this interlocutory appeal, Calixto Raymond Ledon challenges the district court's [1] denial of his motions to dismiss his indictment for conspiracy to possess and distribute cocaine, on grounds of Double Jeopardy and breach of a plea agreement in an earlier case. Ledon contends that the present indictment alleges the same conspiracy for which he was already convicted in the District of Nevada in 1993. Ledon also claims that the plea agreement in the Nevada case included a promise that the United States would not prosecute him for any other crime then known to the United States, and that the government had knowledge of crimes charged here at the time of the Nevada plea. We affirm the district court's denial of the Double Jeopardy motion and we dismiss the appeal of the plea agreement ruling for lack of jurisdiction.

Ledon was indicted in the District of Nevada on August 21, 1992, for participating in a conspiracy to possess and distribute cocaine. The indictment charged seventeen conspirators under 21 U.S.C. §§ 841(a)(1) and 846 (1988) for a cocaine supply operation beginning "on or before the first half of 1986" and continuing until May 17, 1990. The indictment charged that the conspiracy existed "within the District of Nevada and elsewhere." The objects of the conspiracy were alleged to include transporting cocaine to Nevada from Los Angeles and other unnamed locations to distribute "within the District of Nevada and elsewhere, including [the] Niagara Falls, New York area."

Ledon agreed to plead guilty to the Nevada conspiracy charge. He entered a written agreement providing:

If the Defendant fulfills all obligations of this agreement, the Government will agree not to further criminally prosecute the De-

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

fendant in the District of Nevada for any act or offenses relating to, or arising from, the conspiracy to distribute a controlled substance as alleged in the Indictment, that have been disclosed to the Government, and that he committed before the date of this agreement.

The written agreement also stated: "It is agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties." Ledon pleaded guilty to the Nevada charges on August 26, 1993.

On January 26, 1994, a federal grand jury in the District of Minnesota returned an indictment against Ledon and seven other defendants for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Ledon was the only person charged in both the Nevada and Minnesota indictments. The Minnesota indictment charged a conspiracy existing from on or about January 1, 1987 to on or about November 27, 1993 "in the State and District of Minnesota, the District of Nevada, the Western District of Wisconsin and elsewhere." Ledon lives in Nevada. The only overt act Ledon was charged with was distribution of two kilograms of cocaine in Minneapolis on June 4, 1992. The other overt acts charged in the indictment consisted primarily of distributing cocaine in various towns in Minnesota.

Ledon moved to dismiss the indictment. He argued that the conspiracy charged in the Minnesota indictment was the same conspiracy he had been convicted of in Nevada, and that the instant indictment was therefore barred by the Double Jeopardy clause. He also moved to dismiss on the ground that the Nevada plea agreement had been altered by statements of his lawyer and the assistant United States Attorney in Nevada at the plea hearing. He interpreted the United States Attorney's statements in the plea hearing record to amount to an undertaking by the United States not to prosecute Ledon in any district for any crime known to the Nevada U.S. attorney at the time of the plea hearing.

Since it was mentioned at the Nevada detention hearing that Ledon had been arrested by state agents in Minnesota, Ledon argues that the U.S. attorney agreed not to prosecute the Minnesota offense.

After holding a hearing, the magistrate judge[2] recommended to deny both motions to dismiss. He tested the Double Jeopardy argument under the five factor test of *United States v. Thomas,* 759 F.2d 659, 662 (8th Cir.1985) (as applied in *United States v. Okolie,* 3 F.3d 287 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1203, 127 L.Ed.2d 551 (1994)), for determining whether a defendant has been indicted twice for the same conspiracy. The Magistrate Judge concluded that the two indictments charged discrete conspiracies and that there was no Double Jeopardy violation.

The Magistrate Judge also recommended holding that there was no violation of the Nevada plea agreement. The Magistrate Judge observed that the written plea agreement only referred to future prosecutions in the District of Nevada, and that the writing said it incorporated the entirety of the agreement between the parties. At any rate, the Magistrate Judge examined the transcript of the Nevada plea hearing and did not see any evidence of intent to alter the written agreement.

The district court ruled in accordance with the Magistrate's recommendation. Ledon renews the same arguments on appeal.

### I.

Initially, we must determine whether we have jurisdiction over this interlocutory appeal. The government does not dispute the existence of jurisdiction, but we are obliged to raise the issue *sua sponte. See United States v. Bailey,* 34 F.3d 683, 691 (8th Cir.1994). The order denying the motion to dismiss on Double Jeopardy grounds presents a colorable Double Jeopardy claim and it therefore is a final, appealable decision. *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977). However, the order denying the motion to

**2.** The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

dismiss for breach of the plea agreement is not final or appealable. *Bailey,* 34 F.3d at 691.

*Bailey* dealt with a situation identical to this case in that it involved the interlocutory appeal of rulings on motions to dismiss for Double Jeopardy and breach of a non-prosecution agreement. In *Bailey* the Double Jeopardy argument was so groundless that the court held it presented no "colorable" Double Jeopardy claim, and thus gave the court no jurisdiction over the interlocutory appeal. 34 F.3d at 688–89. Unlike *Bailey,* this case presents a colorable, though ultimately unsuccessful, Double Jeopardy claim. As to the non-prosecution agreement, *Bailey* held that the appeal from denial of the motion to dismiss did not meet the third factor of the collateral order rule of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), since it was effectively reviewable on appeal from final judgment.[3] As in *Bailey,* the government did not dispute the propriety of jurisdiction over the non-prosecution agreement appeal. *Bailey* controls. Therefore, we must dismiss the plea agreement appeal for lack of jurisdiction.

## II.

■ In examining a claim that a defendant has been prosecuted twice for the same conspiracy, we apply a five-factor test to ascertain whether more than one conspiracy existed. *United States v. Okolie,* 3 F.3d 287, 290 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1203, 127 L.Ed.2d 551 (1994). We compare the putative conspiracies considering whether there was overlap of: (1) time the conspiracies existed; (2) personnel; (3) statutory offenses charged; (4) overt acts charged; and (5) place where the acts alleged as part of the conspiracy occurred. *Id.* We review the district court's application of this analysis de novo. *Id.* at 289. Since the first case was disposed of by plea and the second has not yet been tried, we base our analysis on comparison of the indictments as well as

other documents Ledon has submitted. *See United States v. Standefer,* 948 F.2d 426, 431 (8th Cir.1991).

■ The five factor analysis leads to the conclusion that the Nevada and Minnesota conspiracies are distinct in fact and law. The Nevada conspiracy began before the Minnesota conspiracy began ("first half of 1986" versus "January 1, 1987"), and it ended three and a half years before the Minnesota conspiracy ended (May 17, 1990 versus November 27, 1993). *See Okolie,* 3 F.3d at 290 (continuation of second conspiracy eight months after end of first is "indicative of a separate and ongoing agreement"); *United States v. Kienzle,* 896 F.2d 326, 329 (8th Cir.1990) (distinct conspiracies where times overlapped but did not coincide). The only overt act Ledon was charged with in the Minnesota case occurred on June 4, 1992, long after the Nevada conspiracy was alleged to have ended.

None of the overt acts are common to the two conspiracies, and Ledon was the only person alleged to have participated in both conspiracies. Though the Nevada indictment vaguely refers to acts occurring "elsewhere," the indictment draws a picture of a drug supply ring operating primarily in Nevada, with sources in Los Angeles, California and some distribution link to Niagara Falls, New York. On the other hand, the Minnesota indictment portrays a drug ring operating primarily in Minnesota, with at least some of the cocaine imported from Nevada. These disparate patterns show conspiracies of different nature and scope, as well as different geographic locations.

■ The statutory offenses charged are the same (sections 841(a)(1) and 846), but in context with the other factors, this is a minor point, since one can certainly enter two conspiracies to commit the same type of crime. *See Standefer,* 948 F.2d at 431; *Kienzle,* 896 F.2d at 329.

Viewing all the facts before us, there is simply no evidence that the government has

---

**3.** Indeed, our decision in the *United States v. Vaughan,* 13 F.3d 1186 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1858, 128 L.Ed.2d 481 (1994), is an example of a case where a non-

prosecution agreement as a defense was considered on appeal from a final judgment entered on a guilty plea.

artificially circumscribed the acts alleged in the respective indictments in order to carve a single agreement into multiple, smaller conspiracies. *See United States v. Tercero,* 580 F.2d 312, 315 (8th Cir.1978). The facts here show two different operations, which happened to share a common player, Ledon. The district court did not err in denying Ledon's motion to dismiss on the ground of Double Jeopardy.

\*     \*     \*     \*     \*     \*

We affirm the district court's denial of Ledon's motion to dismiss on the ground of Double Jeopardy, and we dismiss the appeal of the plea-bargain order for lack of jurisdiction.