**In re SEALED CASE.**

No. 98–3054.

United States Court of Appeals, District of Columbia Circuit.

May 15, 1998.

Before GINSBURG, RANDOLPH, and TATEL, Circuit Judges.

PER CURIAM

█ We dismiss this appeal from the district court's ruling that appellant has not been given a grant of immunity by the United States, here acting through the Office of Independent Counsel. Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction of appeals from "final decisions of the district courts...." In criminal cases the final judgment rule "prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989). Appellant has not been indicted, let alone tried and convicted. Appellant has not refused to testify before the grand jury and, for that refusal, been held in contempt of court. Nor is there any basis for treating this appeal under the narrow exception of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

█ If appellant is ultimately indicted and convicted, and if it turns out that, contrary to the district court's ruling, appellant had immunity from such prosecution, then "[d]ismissal of the indictment is the proper sanction," *United States v. MacDonald*, 435 U.S. 850, 860 n. 7, 98 S.Ct. 1547, 1553 n. 7, 56 L.Ed.2d 18 (1978). But the Supreme Court has held specifically that an individual's claimed "right" not to be indicted because of an immunity deal does not mean that the individual "can pursue interlocutory appeals" to establish that right. *Id. Heike v. United States*, 217 U.S. 423, 431, 30 S.Ct. 539, 542, 54 L.Ed. 821 (1910), upon which the Supreme Court relied in *MacDonald*, is directly on point: even transactional immunity conferred by statute does not "give a right of review upon any other than final judgments." *See Flanagan v. United States*, 465 U.S. 259, 270, 104 S.Ct. 1051, 1057, 79 L.Ed.2d 288 (1984); *United States v. Macchia*, 41 F.3d 35 (2d Cir.1994).

*Appeal dismissed.*