UNITED STATES of America, Appellee,

v.

Christopher Joseph ECKER, Defendant–Appellant.

Docket Nos. 99–1335, 00–1187.

United States Court of Appeals, Second Circuit.

Argued: Nov. 3, 2000.

Decided: Nov. 17, 2000.

James P. Kennedy, Jr., Assistant United States Attorney, Buffalo, New York (Denise E. O'Donnell, United States Attorney

for the Western District of New York, Buffalo, New York, on the brief), for Appellee.

John Kenneth Zwerling, Alexandria, Virginia (Zwerling & Kemler, Alexandria, Virginia, Alan S. Hoffman, Buffalo, New York, on the brief), for Defendant–Appellant.

Before: KEARSE, LEVAL, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Defendant Christopher Joseph Ecker appeals (1) from a February 22, 2000 order of the United States District Court for the Western District of New York, Richard J. Arcara, *Judge,* denying his motion to dismiss the indictment against him on the ground that the present prosecution violates his right under the Fifth Amendment to the Constitution to be free from double jeopardy ("February 2000 order" or "double jeopardy order"), and (2) from a May 25, 1999 order denying his motion to dismiss the indictment on the ground that the prosecution breaches a plea agreement entered into between Ecker and the United States Attorney's Office for the District of Maryland ("May 1999 order" or "plea-bargain order"). We affirm in part and dismiss in part.

As to Ecker's contention that the prosecution violates his right to be free from double jeopardy, we affirm substantially for the reasons stated in Judge Arcara's February 2000 order. We write only to make clear that the plea-bargain order is not yet appealable.

■ In support of his contention that the plea-bargain order is appealable prior to the entry of final judgment, Ecker contends that this Court has already made that determination, and that appealability is confirmed by *United States v. Aliotta,* 199 F.3d 78, 82 n. 2 (2d Cir.1999). We reject both arguments.

The procedural background of Ecker's contention that this Court has already de-termined that the plea-bargain order is appealable is as follows. Ecker's motion to dismiss on the ground that the prosecution breaches his plea agreement was denied in May 1999. Ecker promptly filed a notice of appeal, but he later moved to withdraw his appeal for lack of appellate jurisdiction. That motion was granted. When his motion to dismiss on double jeopardy grounds was denied in February 2000 and he appealed that denial, he moved to have his previously withdrawn appeal challenging the May 1999 order reinstated and consolidated with the double jeopardy appeal; a motions panel of this Court granted those motions. Ecker contends that the order granting reinstatement is controlling. We disagree. A ruling by a motions panel of this Court indicating that the Court has appellate jurisdiction does not bar reconsideration of that issue by the merits panel. *See, e.g., Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 149 (2d Cir.1999). Thus, the jurisdiction question may be revisited here.

■ We find no merit in Ecker's contention that the current law of this Circuit permits immediate appeal of a pretrial order denying a motion to dismiss for an alleged breach of a plea agreement. In *United States v. Macchia* ("*Macchia*"), 41 F.3d 35 (2d Cir.1994), this Court considered an appeal from an order denying a motion to dismiss an indictment alleged to have been returned in violation of a plea agreement that made the defendant immune to prosecution. We noted that

> [i]n this Circuit, we have heretofore permitted interlocutory appeals to assert breach of plea agreements alleged to confer immunity. *See United States v. Abbamonte,* 759 F.2d [1065, 1070–71 (2d Cir.1985) ], *United States v. Alessi,* 544 F.2d 1139 (2d Cir.) (*Alessi III* ), *cert. denied,* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Alessi,* 536 F.2d 978 (2d Cir.1976) (*Alessi I* ).

*Macchia,* 41 F.3d at 38. However, after discussing intervening United States Su-

preme Court decisions, including *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (allowing interlocutory appeal of adverse double jeopardy ruling), and *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (denying interlocutory appealability of denial of a motion to dismiss an indictment on the ground of alleged violation of grand jury secrecy), we concluded as follows:

> [T]he appealability rulings in *Alessi I, Alessi III,* and *Abbamonte* have been eroded, and we overrule those rulings and dismiss this appeal for lack of appellate jurisdiction.

*Macchia,* 41 F.3d at 39.

Ecker's suggestion that *Macchia* has, in turn, been overruled by *United States v. Aliotta,* 199 F.3d 78 ("*Aliotta*"), has no merit. The ruling in *Macchia,* an opinion circulated to all of the active judges of the Court prior to filing, *see* 41 F.3d at 39 n. 1, was not even discussed in *Aliotta.* The *Aliotta* statement on which Ecker relies reads as follows:

> "[A]t least in this Circuit, an order denying a colorable claim to dismiss an indictment for violation of a prior plea agreement may properly be appealed prior to a final judgment on the entire criminal case in the district court." *United States v. Romero,* 967 F.2d 63, 65 (2d Cir.1992) (citing *United States v. Abbamonte,* 759 F.2d 1065, 1071 (2d Cir. 1985)).

*Aliotta,* 199 F.3d at 82 n. 2. This statement, however, was dictum, as the *Aliotta* appeal dealt not with an allegedly breached plea bargain but rather with a claim of double jeopardy. Further, the *Aliotta* panel itself dismissed the appeal before it for lack of jurisdiction, noting the strong policy disfavoring piecemeal appeals. *See id.* at 84. Finally, the *Aliotta* footnote on which Ecker relies was, as revealed above, a quote from *United States v. Romero,* a 1992 case relying on a 1985 decision (*United States v. Abbamonte* ) that was explicitly "overrule[d]" by *Macchia* in 1994, *see* 41 F.3d at 39.

We conclude that *Aliotta* did not disturb the holding of *Macchia.* The law of this Circuit remains that an order denying a motion to dismiss on the ground of an allegedly breached plea agreement is not appealable prior to the entry of final judgment. *Accord United States v. Green,* 139 F.3d 1002, 1004 (4th Cir.1998); *United States v. Ledon,* 49 F.3d 457, 459–60 (8th Cir.1995); *United States v. Crosby,* 20 F.3d 480, 487 (D.C.Cir.), *cert. denied,* 513 U.S. 883, 115 S.Ct. 221, 130 L.Ed.2d 148 (1994); *United States v. Eggert,* 624 F.2d 973, 975–76 (10th Cir.1980). We have considered all of Ecker's arguments in support of a contrary result and have found them to be without merit. The appeal in No. 99–1335 is dismissed for lack of appellate jurisdiction.

We have considered all of Ecker's contentions in No. 00–1187, challenging the February 2000 double jeopardy order and have likewise found them to be without merit. That order is affirmed.