09-4506-cr
United States v. Samuels

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand ten.

PRESENT: ROGER J. MINER,
           BARRINGTON D. PARKER,
           REENA RAGGI,
              *Circuit Judges.*

---------------------------------------------------------------

UNITED STATES OF AMERICA,
              *Appellee*,


          v.                              No. 09-4506-cr

DWAYNE SAMUELS,
              *Defendant-Appellant.*

---------------------------------------------------------------

APPEARING FOR APPELLANT:    SALLY J. M. BUTLER, Esq., Bayside, New York.

APPEARING FOR APPELLEE:    DEMETRI M. JONES, Assistant United States Attorney (Scott B. Klugman, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court entered on October 16, 2009, is AFFIRMED in part and the appeal is DISMISSED in part.

Defendant Dwayne Samuels, who stands indicted on charges of embezzlement in connection with a health care benefit program, see 18 U.S.C. § 669, and mail fraud, see id. § 1341, appeals from an interlocutory order denying his motion to dismiss the indictment as barred by both the Fifth Amendment protection against double jeopardy and a plea agreement entered in connection with an earlier conviction for health care fraud. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Jurisdiction

"Although this court generally lacks jurisdiction to review rulings before a final judgment has been entered, the collateral order doctrine creates an exception for the denial of a pre-trial motion to dismiss criminal charges on double jeopardy grounds." United States v. Basciano, 599 F.3d 184, 196 (2d Cir. 2010) (internal citations omitted). Because no such exception exists for the denial of a motion to dismiss an indictment on account of an alleged breach of a plea agreement, however, we lack jurisdiction over that aspect of Samuels's appeal. See United States v. Ecker, 232 F.3d 348, 350 (2d Cir. 2000) (holding denial of

2

dismissal on ground of allegedly breached plea agreement not appealable prior to final judgment). Accordingly, we dismiss the appeal insofar as Samuels invokes a plea agreement to challenge his pending prosecution and consider only his double jeopardy claim.

2.     Double Jeopardy Challenge

Samuels submits that the pending indictment must be dismissed because it places him in jeopardy for an offense of which he already stands convicted. The "critical inquiry," which we review de novo, is whether the offenses at issue "are the same in fact and in law." United States v. Basciano, 599 F.3d at 196 (internal quotation marks omitted).

In urging us to conclude that the offenses are the same, Samuels contends that "multiple and successive prosecutions . . . warrant greater protection than that articulated in Blockburger [v. United States, 284 U.S. 299, 304 (1932)]." Appellant's Br. at 29. He therefore urges us to apply the "same conduct" test articulated in Grady v. Corbin, 495 U.S. 508, 521-22 (1990). That approach is foreclosed by United States v. Dixon, 509 U.S. 688, 704 (1993), which "expressly overruled Grady's conduct-based test and reaffirmed Blockburger's same-elements test as the appropriate standard for determining whether successive prosecutions under different statutes effectively charge the same crime." United States v. Basciano, 599 F.3d at 197-98. Samuels does not – and cannot – dispute that his crime of conviction, health care fraud, see 18 U.S.C. § 1347, requires proof of at least one element, a scheme to defraud, not required for proving either of the crimes on which he stands indicted. Meanwhile, § 669(a) embezzlement requires an element, conversion of the

3

stolen funds, not required to support either a § 1347 or § 1341 conviction. Finally, the mailing element of § 1341 is not required by § 669 or § 1347. Thus, under the <u>Blockburger</u> test, as reaffirmed by <u>Dixon</u>, we reject Samuels's double jeopardy challenge as without merit.

3.      <u>Conclusion</u>

We have considered Samuels's remaining arguments on appeal and conclude that they lack merit. For the foregoing reasons, the district court's October 16, 2009 order is AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4