# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1524

_____

United States of America

*Plaintiff - Appellee*

v.

Terrell E. Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2016
Filed: January 4, 2017

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Terrell E. Lewis seeks to appeal the district court's[1] order denying his motion to dismiss an indictment charging him with three counts of Hobbs Act robberies, in

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge.

violation of 18 U.S.C. § 1951, and one count of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); see also id. § 2 (accomplice liability). These four counts were originally brought against Lewis in a 2010 indictment, but were dismissed as part of a plea agreement in which Lewis agreed to cooperate with law enforcement. Lewis asserts the new indictment is barred by double jeopardy and collateral estoppel and by the terms of the plea agreement. We dismiss Lewis's interlocutory appeal for lack of jurisdiction.

## I.    BACKGROUND

On December 7, 2010, Lewis was indicted and charged with three Hobbs Act robberies and three counts of using a firearm in connection with a crime of violence. On April 18, 2012, Lewis pled guilty to two of the firearms counts pursuant to a plea agreement. In the confidential supplement to the plea agreement, Lewis agreed:

> f.      I understand that my cooperation shall be provided to any local, state, and federal law enforcement agency deemed appropriate by the United States and that I may be called upon as a witness by any authority that has been provided my cooperation.
>
> g.      I agree and understand that this cooperation agreement requires that my cooperation continues even after the time I am sentenced. Failure to continue to cooperate after a sentence is imposed constitutes a basis to void this agreement by the United States and will allow the Government to re-institute charges that were previously dismissed pursuant to this agreement[.]

In September 2012, the district court sentenced Lewis. Pursuant to a motion for a downward departure filed by the government, Lewis's consecutive sentences on the two firearms counts were reduced from 384 months to 144 months. The other four counts of the 2010 indictment were dismissed.

In approximately late August 2013, a Missouri state prosecutor determined Lewis's testimony was necessary for a state murder prosecution. When the prosecutor called Lewis to her office to prepare him for his pretrial deposition, Lewis refused to talk to the prosecutor. At the government's request, Lewis's federal public defender visited Lewis in jail and reviewed the implications of Lewis's refusal to testify in the state murder prosecution, including that the United States could move to re-sentence him or re-indict him on the four counts previously dismissed pursuant to the plea agreement. Lewis continued his refusal to cooperate, and the state dismissed the murder prosecution in December.

As a result of Lewis's refusal to cooperate in the state murder prosecution, the government considered Lewis had breached his plea agreement. A federal grand jury indicted Lewis, charging him with the original three Hobbs Act robberies and the one firearms count that had been dismissed pursuant to the plea agreement from the 2010 indictment.

Lewis moved to dismiss the instant indictment, arguing he had performed all that was required of him in the previous federal case and this indictment was barred by double jeopardy. The government filed a response contending Lewis breached the plea agreement by refusing to testify in the state murder prosecution.

In January 2016, a United States magistrate judge heard evidence on Lewis's motion to dismiss. The magistrate judge recommended that Lewis's motion to dismiss the indictment be denied because:

> (1) [Lewis] knew at the time of his guilty plea and at the time of his sentencing that he was required to continue cooperating with the State including testifying [in the state murder prosecution], regardless of when that trial took place, (2) [Lewis]'s refusal to cooperate and testify [in the state case] constituted a breach of the plea agreement, (3) the government was entitled to re-indict [Lewis] on the four previously

dismissed charges, and (4) [Lewis]'s Constitutional rights were not violated when he entered a plea agreement without the benefit of a grant of immunity from the State of Missouri.

Lewis filed objections to the magistrate's report and recommendation. The district court adopted the report and recommendation and denied Lewis's motion to dismiss the indictment. Lewis filed this interlocutory appeal.

## II. DISCUSSION

Lewis first argues the indictment should be dismissed because it is barred as a matter of double jeopardy and collateral estoppel. "We have jurisdiction to review a pretrial order denying a defendant's motion to dismiss an indictment on double jeopardy and collateral estoppel grounds where the defendant has raised a colorable claim." United States v. Howe, 590 F.3d 552, 555 (8th Cir. 2009). We review a district court's denial of a motion to dismiss an indictment de novo. See id.

"The Double Jeopardy Clause of the Fifth Amendment . . . bars a second prosecution for the same offense or a lesser included offense." United States v. Bailey, 34 F.3d 683, 687 (8th Cir. 1994), abrogated in part by United States v. Gaudin, 515 U.S. 506, 523 (1995). "Where the record clearly shows that jeopardy had not attached when the first indictment was dismissed, the defendant has failed to state a colorable double jeopardy claim." Id. Double jeopardy "does not come into play until a proceeding begins before a trier having jurisdiction to try the question of the guilt or innocence of the accused." Serfass v. United States, 420 U.S. 377, 391 (1975) (omitting internal citation). This court has held that "[j]eopardy attaches to a prosecution when the jury is empaneled and sworn or, in a nonjury case, when the court begins to hear evidence." Bailey, 34 F.3d at 687.

The four counts in the 2010 indictment were dismissed before a jury was empaneled. Jeopardy did not attach during any of the pretrial proceedings. See

United States v. Lasater, 535 F.2d 1041, 1047 (8th Cir. 1976) (holding jeopardy had not attached because the district court was without power to enter a judgment of conviction in a pretrial proceeding), abrogated in part by Gaudin, 515 U.S. at 523. Lewis has failed to present a colorable double jeopardy claim.

For these same reasons, Lewis has failed to present a colorable claim for collateral estoppel. "Collateral estoppel 'precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial.'" Howe, 590 F.3d at 556 (quoting Yeager v. United States, 557 U.S. 110, 119 (2009)). Here, the four counts in the 2010 indictment were dismissed before a jury was empaneled; therefore, there is no prior jury acquittal that prevents the government from litigating those charges.

Lewis also asserts the indictment should be dismissed because he fully performed his obligations under the 2012 plea agreement and his right to due process under the Fifth Amendment was violated when the government prosecuted charges that were previously dismissed. See Mabry v. Johnson, 467 U.S. 504, 509 (1984) (explaining a plea can be challenged under the Due Process Clause if the defendant was not fairly apprised of the consequences of his plea), abrogated in part by Puckett v. United States, 556 U.S. 129, 138 n.1 (2009). We are also without jurisdiction to hear an interlocutory appeal from a pretrial order denying a motion to dismiss an indictment based upon an alleged breach of a plea agreement. See United States v. Ecker, 232 F.3d 348, 350 (2d Cir. 2000) ("[A]n order denying a motion to dismiss on the ground of an allegedly breached plea agreement is not appealable prior to the entry of final judgment."); United States v. Ledon, 49 F.3d 457, 459-60 (8th Cir. 1995) ("[An] order denying [a] motion to dismiss for breach of [a] plea agreement is not final or appealable."). Claims in a motion to dismiss other than double jeopardy claims are appealable "'if, and only if, they . . . fall within Cohen's collateral-order exception to the final-judgment rule.'" Bailey, 34 F.3d at 689 (quoting Abney v.

United States, 431 U.S. 651, 663 (1977)); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949).

In Bailey, we considered whether an order denying dismissal of an indictment based on a plea agreement fell within Cohen's collateral order exception to the rule of finality. See Bailey, 34 F.3d at 690. Under Cohen, the collateral order exception applies, and a pretrial order is immediately appealable, "if (1) the order conclusively determines the disputed question, (2) it resolves an important issue separate from the merits of the action, and (3) it [is] effectively unreviewable on appeal from a final judgment." Id. at 689 (internal citations omitted). We determined an appeal from a denial of a motion to dismiss an indictment based upon an alleged plea agreement did not meet the third Cohen factor because that type of claim can be reviewed on an appeal from final judgment. See id. at 691 ("[T]he availability of dismissal after final judgment will adequately protect and secure for the defendant the benefit of his bargain under the [plea] agreement if he is entitled to it."). Without a final judgment, we lack jurisdiction to hear the merits of whether the government violated the plea agreement between Lewis and the United States.

## III.  CONCLUSION

We dismiss this appeal for lack of jurisdiction.

———————————————————