# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2247

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Valentin Carrillo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: September 25, 2020
Filed: December 15, 2020

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Jose Carrillo received a 190-month sentence after he pleaded guilty to two drug counts, one for conspiracy and another for possession. Although he claims that the conspiracy charge violated double jeopardy and that his overall sentence is substantively unreasonable, we affirm.

I.

Carrillo was involved in two drug deals spanning two states.  The first one was in South Dakota, where Carrillo brokered a sale of about a kilogram of methamphetamine between a confidential informant and a drug supplier by the name of Erik Rodriguez-Venegas.  The second one happened about a month later and involved Javier Romero Ochoa, whom Carrillo recruited to transport several kilograms of methamphetamine.  Law enforcement found the drugs in Ochoa's car during a traffic stop in Iowa.

These two transactions led to parallel proceedings, one in each state, both in federal district court.  As relevant here, the government filed one conspiracy charge in South Dakota against Carrillo, Rodriguez-Venegas, and others.  *See* 21 U.S.C. §§ 841(a)(1), 846.  A little over two months later, the government added a conspiracy charge in Iowa—this time accusing Carrillo of plotting with Ochoa to sell drugs— to an existing count of possession with intent to distribute methamphetamine.  *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.

Carrillo tried to put the brakes on the Iowa prosecution—the one now before us on appeal—because he believed he was being prosecuted twice for the same conspiracy.  His argument was that the Iowa indictment had to be dismissed on double-jeopardy grounds.  *See* U.S. Const. amend. V.  The district court[1] disagreed, concluding that jeopardy had yet to attach in either case.

The double-jeopardy argument turned up once again after he decided to plead guilty in both cases.  First came his guilty plea in Iowa, followed by a guilty plea in South Dakota, where he received a 51-month sentence.  Then came another attempt to dismiss the conspiracy charge in Iowa.  This time, the district court rejected the argument because, by pleading guilty, he had waived it.  Critically, Carrillo never

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

raised his double-jeopardy concerns in South Dakota, despite trying twice in Iowa and failing each time.

Sentencing in Iowa came last. Based on Carrillo's military service, work record, and mental-health struggles, the district court varied downward and imposed a 190-month concurrent sentence on each count.

II.

The Fifth Amendment to the United States Constitution states that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. More commonly referred to as the Double Jeopardy Clause, it "protects against a second prosecution for the same offense after acquittal . . . [,] against a *second* prosecution for the same offense *after conviction*[,] [a]nd . . . against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (emphasis added) (quotation marks omitted).

Like any other constitutional right that is "personal" to the defendant, however, double jeopardy can be waived. *United States v. Herzog*, 644 F.2d 713, 716 (8th Cir. 1981); *see also Brady v. United States*, 24 F.2d 399, 405 (8th Cir. 1928) ("The constitutional immunity from second jeopardy is a personal privilege which the accused may waive."). One way is by pleading guilty to two facially distinct offenses, which operates as a concession that the defendant "has committed two separate crimes." *United States v. Broce*, 488 U.S. 563, 569–70 (1989). So when he pleaded guilty, Carrillo waived his double-jeopardy objection "unless 'the face of the record' at the time the plea was entered show[ed] that the district court did not have the power to enter the second conviction or to impose sentence." *United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (quoting *Broce*, 488 U.S. at 569).

The district court applied these principles and concluded, after closely reviewing the indictments and other evidence in the South Dakota and Iowa prosecutions, that Carrillo had waived any double-jeopardy violation by pleading

guilty to each conspiracy charge. *See United States v. Pierre*, 795 F.3d 847, 849–50 (8th Cir. 2015). For that reason, the court denied Carrillo's second motion to dismiss.

The district court reached the right conclusion, but it overlooked an important step.[2] As we have explained, the double-jeopardy analysis focuses on the record as it existed "at the time the plea was entered." *Pierre*, 870 F.3d at 848. Recall that "at the time" Carrillo pleaded guilty in Iowa, *id.*, he had *not* done so in South Dakota, meaning that jeopardy had not attached there. *See United States v. Rea*, 300 F.3d 952, 957 (8th Cir. 2002) (suggesting that the earliest point that jeopardy might attach is when a court accepts a guilty plea). When he pleaded guilty in *this* case, in other words, he was not "twice put in jeopardy," having not yet been placed in jeopardy a first time. U.S. Const. amend. V; *see United v. Lewis*, 844 F.3d 1007, 1010 (8th Cir. 2017). Under this unusual scenario, Carrillo should have filed the motion to dismiss in South Dakota, *after* he pleaded guilty in Iowa. *See Willhauck v. Flanagan*, 448 U.S. 1323, 1325–26 (1980) (Brennan, J., in chambers) (explaining that "once jeopardy . . . attach[es] in *one of*" two simultaneous proceedings, the defendant can "make his claim before the *second* trial judge, at which time the courts can give due consideration to his" double-jeopardy argument (emphasis added)). For these reasons, the district court could not have erred when it refused to dismiss the Iowa conspiracy charge.

### III.

Nor is Carrillo's 190-month prison sentence substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing this type of challenge for an abuse of discretion). As we have explained, "it is nearly inconceivable" that once a district court has varied downward, it "abuse[s] its

---

[2]The reason may have been its mistaken assumption that Carrillo had first pleaded guilty in South Dakota and then in Iowa, rather than the other way around.

discretion in not varying downward [even] further." *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (quotation marks omitted).

This case is no exception. To be sure, as Carrillo argues, the court could have placed even *more* weight on three mitigating factors: his exemplary military service, mental-health struggles, and lack of criminal history. But "the mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion." *United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

IV.

We accordingly affirm the judgment of the district court.

_____