# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1453

_____

United States of America

*Plaintiff - Appellee*

v.

Jaime Leonel Reinosa-Salguero

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: January 11, 2021
Filed: February 1, 2021
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jaime Leonel Reinosa-Salguero pleaded guilty to one count of bank robbery as well as one count of using a firearm during and in relation to a federal crime of violence. *See generally* 18 U.S.C. §§ 924(c)(1)(A)(iii), 2113(a). The district court[1]

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

calculated a total offense level of 23 and a criminal-history category of I, resulting in an advisory sentencing guidelines range of 46 to 57 months' imprisonment on the bank-robbery count, *see* U.S.S.G. § ch. 5, Part A, and a mandatory minimum of 120 months' imprisonment on the firearm count to run consecutively to the bank-robbery sentence, *see* 18 U.S.C. § 924(c)(1)(A)(iii); U.S.S.G. § 2K2.4(b). The district court sentenced Reinosa-Salguero to 120 months' imprisonment on the bank-robbery count (an upward variance to just over double the top end of the guidelines range) and 120 months' imprisonment on the firearm count, for a total sentence of 240 months' imprisonment. Reinosa-Salguero appeals, arguing that his sentence is substantively unreasonable. We affirm.

"We review sentences, whether inside or outside the Guidelines range, under a deferential abuse-of-discretion standard." *United States v. Mesa-Lopez*, 808 F.3d 743, 745 (8th Cir. 2015). In considering the substantive reasonableness of an upward variance, we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Nelson*, 982 F.3d 1141, 1146 (8th Cir. 2020).

The district court concluded that an upward variance on the bank-robbery count was warranted in light of aggravating factors related to the nature and circumstances of this offense, the need to deter such conduct, and the need to protect the public. *See generally* 18 U.S.C. § 3553(a). Specifically, the district court noted that: immediately before robbing the bank, Reinosa-Salguero pointed a firearm at someone while attempting to steal a car; during the bank robbery, he discharged a firearm right over a bank teller's head; shortly after robbing the bank, he led police on a high-speed chase; and, during the high-speed chase, he again used a firearm. In light of these facts, the district court concluded that a sentence of just over double

the top end of the guidelines range on the bank-robbery count was warranted. We find no abuse of discretion in this determination. *See, e.g.*, *United States v. Moore*, 798 F. App'x 966, 966-67 (8th Cir. 2020) (per curiam) (affirming an upward variance to nearly double the top end of the guidelines range in light of similar offense conduct).

Reinosa-Salguero points out that some of these aggravating factors were already taken into account in the calculation of his guidelines range and contends that the district court should have weighed more heavily the fact that his offense conduct was a deviation from his nonviolent character. But a sentencing court may vary upward based on "factors that have already been taken into account in calculating the advisory Guidelines range." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012). And "[t]he district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant" was well within its wide latitude in weighing relevant factors. *See United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011). "[T]he mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion." *United States v. Carrillo*, 982 F.3d 1134, 1137 (8th Cir. 2020).

Finding no abuse of discretion, we affirm.

_____