# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1687
_____

United States of America

*Plaintiff - Appellee*

v.

Lorenzo Tucker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 17, 2023
Filed: March 4, 2024
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Lorenzo Tucker pled guilty to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The district court[1] sentenced him to a 120-month term of

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

imprisonment. Tucker appeals, claiming his sentence was both procedurally and substantively unreasonable. We affirm.

On October 28, 2019, law enforcement responded to a report of shots fired in a residential neighborhood in St. Louis, Missouri. Upon arrival, the officers heard additional shots from the rear of 7437 Lynn Avenue and observed Tucker walking towards the back of the house. Officers canvassed the area and located two shell casings on the west side of the residence. They then obtained a search warrant for the residence and discovered six firearms, one of which was stolen, and 170 rounds of ammunition. Tucker's hands tested positive for gunshot residue.

Tucker, charged with being a felon in possession of one or more firearms, reached an agreement with the government to plead guilty to possession of a stolen firearm. At sentencing, the district court determined Tucker's advisory Sentencing Guidelines range was 84 to 105 months, which was based on a total offense level of 25 and criminal history category IV. Tucker asked the district court to vary downward, and the government requested an upward variance from the Sentencing Guidelines. The district court, finding the existence of aggravating factors that outweighed Tucker's mitigating factors, imposed an imprisonment term of 120 months.

Tucker asserts the district court committed procedural error by relying on clearly erroneous facts. At sentencing Tucker only made a general objection to the procedural fairness so we review for plain error. United States v. Floss, 42 F.4th 854, 864 (8th Cir. 2022). To satisfy plain error, Tucker must establish there was error, it was plain, and the error affected his substantial rights. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).

Tucker first claims the district court erroneously found he engaged in violence while committing felonies as a teenager. The unobjected to portions of the Presentence Investigation Report indicate Tucker was involved in two robberies—

one in March 1996 and one in April 1996—where a salesclerk was assaulted or struck. More importantly, Tucker's teenage robberies were not the principal basis for the district court's sentence, as the court focused more on his longstanding incorrigibility while on supervision and in custody. Whether Tucker himself used force in the April 1996 robbery is of little significance given the court's explanation.

Tucker also contests the district court's finding that he had multiple opportunities for rehabilitation. The record indicates Tucker participated in cognitive restructuring programming, anger management classes, and substance abuse classes, and he was referred for substance abuse treatment but declined to participate. It also shows Tucker availed himself of mental health services while in state custody. We find no error, plain or otherwise, in the district court's finding that Tucker had multiple opportunities for rehabilitation.

Tucker's claim that his sentence is substantively unreasonable is also untenable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Sadler, 864 F.3d 902, 904 (8th Cir. 2017). A sentence is substantively unreasonable if it "fails to consider a relevant [18 U.S.C. § 3553(a)] factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Clark, 998 F.3d 363, 369 (8th Cir. 2021). When devising a sentence, a district court has wide latitude to give some § 3553(a) factors more weight than others. United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).

Tucker contends the district court failed to consider the negative impact of his prior lengthy incarceration, which began in an adult prison when he was age 17, and did not give any weight to his personal remarks because it only referred to them as "powerful" after it rendered its sentence. The district court specifically stated that it had read Tucker's sentencing memorandum, which argued for a downward variance based on his prior lengthy incarceration. We presume the district court considered

and rejected Tucker's argument.  See United States v. Johnson, 619 F.3d 910, 922 (8th Cir. 2010).  Similarly, the timing of the court's recognition of Tucker's statement does not demonstrate it failed to consider his remarks, especially when the court noted that Tucker needed to back his words up with action.  The district court's weighing of the aggravating factors more heavily than Tucker's show of remorse does not constitute an abuse of discretion.  See United States v. Carrillo, 982 F.3d 1134, 1137 (8th Cir. 2020).

Tucker's additional claim that the district court improperly relied on factors already incorporated by the Sentencing Guidelines calculation is also unavailing. We have explained that factors already considered in calculating a defendant's advisory Sentencing Guidelines range can form the basis for a variance.  David, 682 F.3d at 1077.  Importantly, the Sentencing Guidelines range did not account for the dangerousness of Tucker's underlying conduct, his recurrent violations while incarcerated and on parole including this offense, and his recent arrests.  Nor did the Sentencing Guidelines calculation factor in Tucker's plea agreement, which dismissed the felon-in-possession charge and insulated Tucker from being designated as an armed career criminal subject to a mandatory minimum sentence of 15 years.

For the foregoing reasons, we affirm.

_____