09-0485-cr
*USA v. Santana (Culbertson)*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2009

(Submitted: October 7, 2009                         Decided: March 10, 2010)

Docket No. 09-0485-cr

---

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

                                    - v. -

TROY CULBERTSON,

    <u>Defendant-Appellant</u>.*

---

Before: MINER, CABRANES, <u>Circuit Judges</u>, and RAKOFF,** <u>District Judge</u>.

    Charged in a superseding indictment with various narcotics offenses, defendant-appellant moves this Court pro se for leave to proceed <u>in forma pauperis</u> and for appointment of counsel to pursue his interlocutory appeal from an order of the United States District Court for the Eastern District of New York (Johnson, <u>J</u>.) denying his motions: to dismiss the indictment for violation of the right to a speedy trial; for appointment of new counsel; and for a psychiatric evaluation. The appealability of an order denying defendant's motion seeking appointment of new counsel and of an order denying a psychiatric examination are questions of first impression in our Court.

    Appeal dismissed, <u>nostra sponte</u>, for lack of appellate jurisdiction, and the motions addressed to this Court are denied as moot.

---

    * The Clerk of the Court is directed to amend the official caption in this case to conform to the listing of the parties above.

    ** The Honorable Jed Rakoff, District Judge, United States District Court for the Southern District of New York, sitting by designation.

Troy Culbertson, pro se, Brooklyn, New York.

Stephen J. Meyer, Assistant United States Attorney (Benton J. Campbell, United States Attorney), United States Attorney's Office, Eastern District of New York, Brooklyn, New York, for Appellee.

MINER, Circuit Judge:

Defendant-appellant Troy Culbertson ("Culbertson" or "defendant-appellant"), charged in a superseding indictment with various narcotics offenses, moves this Court pro se for leave to proceed in forma pauperis and for appointment of counsel to pursue his interlocutory appeal from an order of the United States District Court for the Eastern District of New York (Johnson, J.). By that order, the district court denied Culbertson's motions: for dismissal of the indictment for violation of the right to a speedy trial under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161 et seq ("Speedy Trial Act"); for appointment of new counsel; and for a psychiatric evaluation. The appealability of an order denying defendant's motion seeking appointment of new counsel and of an order denying a psychiatric examination are questions of first impression in our Court. For the reasons given below, we dismiss the appeal nostra sponte for lack of appellate jurisdiction and deny the motions addressed to this Court as moot.

**BACKGROUND**

Culbertson was arrested by agents of the United States Bureau of Immigration and Customs Enforcement ("ICE") on January 10, 2008, at approximately 1:30 p.m. in the lobby of Terminal 4 of the JFK Airport in New York City. The occasion of his arrest was his meeting with Patricia Lancaster ("Lancaster"), who was then known to be carrying controlled substances consisting of heroin and cocaine in her various items of luggage. In a complaint filed later that

day by ICE Special Agent John Lattuca, Lancaster and Culbertson were charged with conspiracy to import into the United States 100 grams or more of a substance containing heroin and five kilograms or more of a substance containing cocaine, all in violation of 21 U.S.C. § 952(a). According to the complaint, Culbertson was advised of his Miranda rights following his arrest and thereafter "stated, in sum and substance, that he was aware that LANCASTER had traveled from Trinidad to the United States transporting narcotics, and that he had introduced LANCASTER to the two individuals with whom LANCASTER agreed to transport narcotics into the United States." The complaint included the following statement by Agent Lattuca: "Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware."

On the day of his arrest, an order of detention was issued for Culbertson by Magistrate Judge Marilyn D. Go, and, on January 18, 2008, Culbertson appeared before Magistrate Judge Ramon E. Reyes, Jr. for further proceedings. At that time, Judge Reyes relieved Federal Defender Mildred Whalen as counsel for Culbertson and appointed CJA panel member John F. Kaley to represent Culbertson. At a status conference hearing held before then-Magistrate Judge Kiyo A. Matsumoto on February 6, 2008, Mr. Kaley was relieved as counsel at Culbertson's request, and CJA panel member Julie Clark was appointed to represent Culbertson. The occasion for the substitution was Mr. Kaley's statement to the court that Culbertson had "a different plan and strategy [from that proposed by Kaley] and said he would like a new lawyer." On the same day, with new counsel Ms. Clark present, Culbertson applied to exclude the period from February 6, 2008, until March 7, 2008, from the Speedy Trial Act computation to allow for the conduct of plea negotiations. Judge Matsumoto granted the application, ordered the

exclusion and directed that an indictment be filed at the end of the excluded period.

A superseding indictment was filed as directed on March 7, 2008, and named Culbertson and four others as defendants. Culbertson was charged in four of the seven counts of the indictment. In Count One, he was charged, along with David Simpson, Sheldon Holder and Patricia Lancaster, with conspiracy to import heroin and cocaine, in violation of 21 U.S.C. § 952(a). In Count Two, he was charged, along with Holder and Lancaster, with conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. Together with Holder and Lancaster, Culbertson was charged in Count Five with importation of heroin and cocaine, in violation of 21 U.S.C. § 952(a), and in Count Seven, which also named Holder as a defendant, with attempt to possess heroin and cocaine, in violation of 21 U.S.C. § 846.

On March 20, 2008, Culbertson was arraigned on the superseding indictment before Magistrate Judge Reyes, and a plea of not guilty was entered on his behalf. At that time, a status conference was set for March 29, 2008, before United States District Judge Sterling Johnson, Jr. On March 28, the district court set a date for the making of motions by defendants and for responses by the government, excluded the period of March 28, 2008, through May 15, 2008, for speedy trial computation purposes, and continued the case for a further status conference to May 15, 2008, as to various defendants including Culbertson. By letter dated March 31, 2008, Attorney Clark notified Culbertson that she would not file a motion he had prepared "because it is frivolous" and that she would be seeking removal as his counsel for "abusive behavior during several of our attorney-client meetings."

Culbertson filed a motion pro se to dismiss the indictment on April 3, 2008. The gravamen of his motion was that the government failed to properly and timely indict him. His

claim was that he was not named in the original indictment and that his superseding indictment was therefore not appropriate. However, as the government noted, and as the district court explained in its Memorandum and Order filed on May 23, 2008, the superseding indictment was the initial indictment as to him, because it was the first and only indictment in which he was named. As far as timeliness, Culbertson was in fact indicted within the thirty-day period after arrest as required by the Speedy Trial Act. See 18 U.S.C. § 3161(b). He was arrested on January 10, 2008, and on February 6, 2008, the magistrate judge ordered the exclusion of time until March 7, 2008, the date the indictment was in fact filed. Accordingly, for Speedy Trial Act purposes, only twenty-eight days passed between arrest and indictment. In view of the foregoing, the court also rejected Culbertson's claim that the absence of an original indictment caused him to have insufficient notice of the crimes charged.

At a conference hearing held before Judge Johnson on April 4, 2008, the court granted the application of Attorney Clark to be relieved as counsel, appointed CJA panel member Allen Lashley as counsel for Culbertson, directed Attorney Clark to remain as counsel until new counsel was in place, and adjourned the proceedings until April 10, 2008. On that date, Culbertson appeared before Judge Johnson with attorneys Lashley and Clark. Clark reported that all materials had been turned over to Lashley, and the court finally relieved her as counsel. The court recognized that new counsel needed adequate time to review the case and scheduled a status conference for all defendants for May 15, 2008. The court's minutes for May 15, 2008, take note of the denial of Culbertson's pro se motion and include the following:

> 2nd call for Defendant Troy Culbertson. . . . Defense counsel [Lashley] indicates defendant has fired counsel because . . . he will not file a motion to dismiss indictment. . . . Court will not relieve counsel. Defendant will proceed pro se if he

-5-

so wishes. Counsel will remain as standby to assist and advise. . . . Govt's request for competency evaluation of defendant is DENIED.

A further status conference was scheduled for June 27, 2008.

By motions filed on June 12, 2008, Culbertson sought "dismissal of indictment, . . . appointment of counsel [and] determination of medical competency to stand trial." With respect to his motion to dismiss the indictment, Culbertson once again advanced the argument that he was not indicted within thirty days of his arrest, contending, inter alia, that he was "tricked into waiving constitutional rights." In support of his Speedy Trial Act violation argument, Culbertson cited to Zedner v. United States, 547 U.S. 489 (2006), and United States v. Ramirez-Cortez, 213 F.3d 1149 (9th Cir. 2000). In seeking appointment of new counsel, Culbertson alleged that he "does not want to proceed pro se and never did." As to his previous counsel, Culbertson asserted that "Mrs. Walen (sic) had to resign for a conflict of interest, Mr. Kaley wanted me to waive my indictment and he was dismissed and Ms. Clark would not file a motion." The moving papers included no allegations regarding Mr. Lashley. In support of his motion for psychiatric evaluation, Culbertson asserted that he "was receiving a disability check for the past 7 yrs. approx." and "does not know what his mental disease or defect is." In this regard, he noted that he "spent 18 yrs. in state prison from 18 yrs. old."

In a letter dated July 11, 2008, responding to Culbertson's motion, the government observed that the district court had previously ruled on the same Speedy Trial Act claim. The government again pointed out that Culbertson was properly indicted within thirty days of his arrest, taking into account the time excluded by the Speedy Trial Act pursuant to his agreement for the exclusion of time in an effort to enable the parties to resolve the charges against

Culbertson by a plea bargain. The government argued that Zedner, cited by Culbertson, was inapposite because the Supreme Court there held that a "waiver 'for all time' was ineffective" under the provisions of the Speedy Trial Act and no such waiver occurred in the case at bar. Ramirez-Cortez, also cited by Culbertson, was also characterized as inapposite by the government because there the Court concluded that the magistrate judge failed to make the findings necessary to exclude delay while, here, the magistrate judge determined that the interests of justice would be served by excluding time and would outweigh the best interests of both the public and Culbertson. That determination was based on the magistrate judge's understanding that plea negotiations were ongoing and that the parties would need time to prepare for trial if the negotiations were not successful. The government's letter stated that it "takes no position as to appointment of counsel or as to the defendant's request for a psychiatric evaluation."

In a Memorandum and Order filed on September 29, 2008, the district court denied all three of Culbertson's pro se motions. The court reiterated its determination that the claim of speedy trial violation was without merit in light of Culbertson's consent to a thirty-day exclusion of time to allow for plea negotiations and a finding that the interests of justice would be served thereby. Because Culbertson was arrested on January 10, 2008, and the agreed upon exclusion commenced on February 6, 2008, twenty-seven days after the arrest, the thirty-day period did not expire until March 7, 2008, the date on which Culbertson was indicted. With regard to appointment of new counsel, the court observed that an indigent person facing criminal charges cannot be afforded counsel of his choice solely because he is dissatisfied with court-appointed counsel. Referring to its "broad discretion" in such matters, the court determined that Culbertson would proceed pro se with Mr. Lashley to serve in an advisory capacity. In rejecting the motion

for a psychiatric evaluation, the court found that Culbertson "appears lucid, rational, and able to comprehend the events of each proceeding." Because there was no factual showing of probable cause for a psychiatric examination of Culbertson, the court concluded that such an examination was not warranted.

In an undated letter received in this Court on January 22, 2009, Culbertson stated that he was "writing in regards to my Interlocutory Appeal I filed in this court about or around November or Dec. of 08." In the letter, Culbertson requested "a copy of the Docket Entries" and states that he had "filed an Interlocutory [Appeal] on the denial of my motion to dismiss the indictment . . . in the district court." By letter dated January 30, 2009, the Clerk of this Court transmitted Culbertson's letter to the district court, designating it as a Notice of Appeal "mistakenly sent to the Court of Appeals." The district court received Culbertson's letter on February 5, 2009, and deemed it filed as an Interlocutory Notice of Appeal on January 22, 2009.

**ANALYSIS**

I.      Timeliness of the Notice of Appeal

A defendant's notice of appeal in a criminal case must be filed within ten days after the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i) (effective through Dec. 1, 2009). However, the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal for a period not to exceed thirty days "from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). In addition, this Court has directed district courts to treat a notice of appeal filed after the ten-day deadline as a request for an extension if it was filed within the additional thirty-day period for requesting an extension. See United States v. Batista, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam). It is unclear in the

present case when Culbertson filed his notice of appeal, given the indication in his January 2009 letter that he filed it in November or December of 2008. However, we have held that Rule 4(b) is not jurisdictional, see United States v. Frias, 521 F.3d 229, 234 (2d Cir. 2008), and, given that Culbertson's appeal must be dismissed in any event, we decline to inquire further into the timeliness of the notice of appeal.

II.     The Rule of Finality

The rule of finality is embodied in 28 U.S.C. § 1291, which provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." (emphasis supplied). A final order is said to "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). There are limited exceptions to the rule of finality. Pursuant to 28 U.S.C. § 1292(a), courts of appeals are afforded jurisdiction over certain interlocutory orders pertaining to injunctions, receivers and admiralty matters. Discretionary jurisdiction is conferred upon courts of appeals, pursuant to 28 U.S.C. § 1292(b), to consider interlocutory orders where the district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In multi-claim or multi-party actions, Federal Rule of Civil Procedure 54(b) permits appeals from partial final judgments where the district court has "direct[ed] entry of a final judgment as to one or more, but fewer than all, claims or parties" upon the "express[] determin[ation] that there is no just reason for delay." See, e.g., United States v. Stanley, 483 U.S. 669, 673 (1987).

A judicially created exception to the rule of finality was put forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). There, the "collateral order doctrine" was established to permit appeals from a limited class of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action," and "too important" and "too independent" of the cause of action to require entry of final judgment as a pre-condition. Id. at 546. The Supreme Court later elucidated the collateral order doctrine by setting forth the three separate conditions required for its application: the order from which the appeal is sought must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468; see also Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 605 (2009) (reviewing these three conditions in holding that disclosure orders adverse to the attorney-client privilege do not qualify for immediate appeal under the collateral order doctrine).

The "[Supreme] Court has long held that the policy of Congress embodied in [28 U.S.C. § 1291] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation, and that this policy is at its strongest in the field of criminal law." United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982) (per curiam). This is so because "undue litigiousness and leaden-footed administration of justice," the common consequences of piecemeal appellate review, are "particularly damaging to the conduct of criminal cases." Di Bella v. United States, 369 U.S. 121, 124 (1962). In this regard, the Court has noted that "[p]romptness in bringing a criminal case to trial has become increasingly important as crime has increased, court dockets have swelled, and detention facilities have become overcrowded."

Flanagan v. United States, 465 U.S. 259, 264 (1984).

Accordingly, the Supreme Court has applied the collateral order doctrine to permit interlocutory appeals in criminal cases "only when observance of [the rule of finality] would practically defeat the right to any review at all." Cobbledick v. United States, 309 U.S. 323, 324-25 (1940). To date, the Court has identified only three categories of cases that meet that standard. First, in Stack v. Boyle, 342 U.S. 1 (1951), an order denying a motion to reduce bail pending trial was allowed interlocutory review under the collateral order doctrine — the issue there was finally resolved, was independent of the issue of guilt or innocence and would be mooted if resolution were to await a judgment of conviction and sentence or acquittal. Also meeting the requirements of the collateral order doctrine exception and therefore justifying immediate appeal in a criminal case is an order resolving the issue of double jeopardy — the assertion of the right not to be tried at all. See Abney v. United States, 431 U.S. 651 (1977). As in all such immediately appealable orders, those resolving issues of double jeopardy "finally resolve issues that are separate from guilt or innocence, and appellate review must occur before trial to be fully effective." Flanagan, 465 U.S. at 266.

The third category of criminal cases in which immediate appeal has been allowed are those cases in which the Speech or Debate Clause right is raised and resolved before trial. Orders resolving the right "not to be questioned" regarding legislative activities, like orders in the other two categories of cases, "are truly final and collateral, and the asserted rights in all three cases would be irretrievably lost if review were postponed until trial is completed." Id.

More common are the criminal cases in which interlocutory appeals have been rejected. For example, an order denying a motion to dismiss for prosecutorial vindictiveness was held not

appealable before trial. See Hollywood Motor Car Co., 458 U.S. at 270. That holding was said to "reflect[] the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." Id. at 269. The right not to be tried was not implicated in Hollywood Motor, and the Supreme Court observed: "It is only a narrow group of claims which meet the test of being 'effectively unreviewable on appeal from a final judgment,' and the claim of prosecutorial vindictiveness is, we hold, not one of them." Id. at 270. Similarly, in Flanagan, the Court held that an order denying a motion to disqualify a law firm from multiple representation of individual defendants was not appealable because "the asserted right not to have joint counsel disqualified is, like virtually all rights of criminal defendants, merely a right not to be convicted in certain circumstances." 465 U.S. at 267. The collateral order exception does not apply because

> a disqualification order, though final, is not independent of the issues to be tried. Its validity cannot be adequately reviewed until trial is complete. The effect of the disqualification on the defense, and hence whether the asserted right has been violated, cannot be fairly assessed until the substance of the prosecution's and the defendant's cases is known.

Id. at 268–69.

Also held to be unappealable are orders denying dismissal of an indictment where the dismissal is sought for failure to keep secret the identity of grand jury witnesses and persons under investigation, as required by Federal Rule of Criminal Procedure 6(e). See Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989). The "right not to be tried" test was amplified: "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried. An isolated breach of the traditional secrecy requirements does not do so." Id. at 802

(emphasis supplied). Our interpretation of Midland Asphalt led us to hold unappealable an order

denying a motion to dismiss an indictment and thereby to preclude a trial where the motion was

based on an agreement alleged to confer transactional immunity. See United States v. Macchia,

41 F.3d 35, 36 (2d Cir. 1994). Although a successful motion would indeed preclude trial, we

opined

> that an interlocutory appeal will lie in the criminal context only where the
> constitutional or statutory protection relied upon confers a right not to be tried, as
> distinguished from a right to be free of some adverse action for which the remedy
> is dismissal of the indictment.

Id. at 39.

With the foregoing in mind, we turn to the applicability of the rule of finality in the case

at hand.

III.     Applicability of the Rule of Finality

A.     To the Order Denying Dismissal for Violation of the Right to a Speedy Trial

Culbertson's motion to dismiss the indictment for violation of the right to a speedy trial is

based on his claim of an excessive lapse of time between his arrest and his indictment. The

Speedy Trial Act allows a period of thirty days between arrest and indictment, see 18 U.S.C. §

3161(b), except for certain periods of delay permitted by statute, see id. § 3161(h). Among the

excluded periods of delay are those granted by the court sua sponte or at the request of a party,

but only upon findings "that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a speedy trial." Id.

§ 3161(h)(7)(A). A prospective waiver of all rights under the Speedy Trial Act is not acceptable,

nor is a defendant's acquiescence to a continuance sufficient compliance with the Act for an

-13-

ends-of-justice exclusion in the absence of specific findings. See Zedner, 547 U.S. at 501–03. The harmless error rule can never be applied where the requirement for an ends-of-justice continuance are not met. Despite the district court's findings, Culbertson continues to argue that his speedy trial rights have been violated.

The rule of finality has been applied to bar interlocutory review of orders denying dismissal of indictments on speedy trial grounds. See United States v. MacDonald, 435 U.S. 850, 857 (1978). Reviewing its strict adherence to the rule in criminal cases, the Supreme Court "decline[d] to exacerbate pretrial delay by intruding upon accepted principles of finality to allow a defendant whose speedy trial motion has been denied before trial to obtain interlocutory appellate review." Id. at 863. Noting that "[f]ulfillment of this [speedy trial] guarantee would be impossible if every pretrial order were appealable," id. at 861, the Court concluded that "[a]llowing an exception to the rule against pretrial appeals in criminal cases for speedy trial claims would threaten precisely the values manifested in the Speedy Trial Clause," id. at 862. Addressing the "right not to be tried" argument, the Court opined that

> the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial.

Id. at 861. Also entering into the Court's reasoning was the notion that the passage of time may give rise to a claim of prejudice by the defendant and "[n]ormally, it is only after trial that that claim may fairly be assessed." Id. at 860.

The same reasons for disallowing interlocutory appeals on Speedy Trial Clause claims applies to claims under the Speedy Trial Act. As with Speedy Trial Clause claims, fulfillment of

the mandate of the Speedy Trial Act would be rendered impossible if every pretrial order were appealable. Just as in Speedy Trial Clause cases, the Speedy Trial Act does not encompass a "right not to be tried" that needs to be upheld prior to trial. And just as in Speedy Trial Clause cases, any violation of the Speedy Trial Act is reviewable on appeal from a final judgment. The expansion of the exceptions to the rule of finality simply is not warranted in the case of Speedy Trial Act claims. Accordingly, we hold that a district court's order denying dismissal for an alleged violation of a defendant's right to a speedy trial is not reviewable on interlocutory appeal. We therefore decline to review Culbertson's claim seeking review of such an order.

> B.      To the Order Denying Appointment of New Counsel

After having the services of a public defender and three other attorneys appointed by the district court from the CJA panel, Culbertson once again moved for appointment of new counsel in the district court. His dissatisfaction with the last three attorneys apparently stemmed from their failure to conduct his defense in a manner that he thought proper. In this connection, we note that "decisions concerning which legal issues will be urged on appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment," Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977), and the same is true at the trial level. In any event, the district court ultimately directed that Culbertson proceed pro se with the last appointed attorney, Mr. Lashley, to act as standby counsel. In his motion for appointment of a new attorney that is the subject of this appeal, Culbertson asserts that he "does not want to proceed pro se and never did." In its order denying the motion, the district court relied on a rule enunciated in a number of cases: "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006).

The appealability of such an order is an open question in this Circuit.

Its seems to us that an order denying the appointment of counsel does not fit within the collateral order doctrine so as to permit an interlocutory appeal. While the order (1) does conclusively determine a disputed question and (2) resolves an issue completely separate from the merits of the prosecution, it is not (3) effectively unreviewable on appeal from a final judgment. See Coopers & Lybrand, 437 U.S. at 468. The order denying the appointment of replacement counsel can be effectively reviewed after trial, and the claimed right to counsel here does not implicate a "right not to be tried." It certainly does not implicate a right not to be tried on account of a violation of a constitutional or statutory protection. See Macchia, 41 F.3d at 39.

Although we have permitted interlocutory appeals of orders denying motions for attorneys to withdraw as counsel, such orders meet the requirements of the collateral order doctrine while orders denying the appointment of new free counsel do not. In Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999) (per curiam), a civil case, we found jurisdiction to resolve the appeal of an attorney whose motion to withdraw was denied by the district court in the face of a showing that the client "desire[d] both to dictate legal strategies to his counsel and to sue counsel if those strategies [were] not followed." Id. at 322. In finding jurisdiction, we held that "[t]he injury to a counsel forced to represent a client against his will . . . is irreparable, and the district court's decision would be effectively unreviewable upon final judgment." Id. at 320; see also id. ("[O]nce a final judgment has been entered, the harm to [counsel] will be complete, and no relief can be obtained on appeal."); accord United States v. Oberoi, 331 F.3d 44, 47 (2d Cir. 2003) ("Because the district court's order conclusively determined the issue of the [Public] Defender's continued representation of [defendant] and cannot be effectively reviewed on final appeal, we

have jurisdiction over this interlocutory appeal [from the denial of the Public Defender's motion to withdraw for conflict of interest].").  The situation is, of course, much different where, as in the instant case, a defendant-appellant has the opportunity to vindicate his claim after final judgment.  As such, we hold that Culbertson's claim regarding the district court's order denying appointment of new counsel is not reviewable on this interlocutory appeal.

C. To the Order Denying a Psychiatric Examination

Finding "no factual showing of probable cause" to justify a psychiatric examination, see 18 U.S.C. § 4244; United States v. Oliver, 626 F.2d 254, 258 n.6 (2d Cir. 1980), the district court denied Culbertson's request for an order directing such an examination.  We never have directly determined that such an order denying a psychiatric examination is immediately appealable, although we have alluded to that question in dictum.  In United States v. Gold, 790 F.2d 235 (2d Cir. 1986), we were confronted with the appeal of a pretrial order finding the defendant mentally incompetent to stand trial and committing him to the custody of the Attorney General for a four-month period of hospitalization pursuant to 18 U.S.C. § 4241, to determine whether it was probable that the defendant would attain the capacity for trial to proceed in the foreseeable future.  In allowing interlocutory appeal in that case, we found sufficient finality for immediate appellate review because the commitment order provided for an additional period of commitment until a determination be made that the defendant was competent to stand trial or the charges were disposed of.  The order in Gold therefore was effectively unreviewable on appeal from a final judgment since (1) there might never be a criminal trial if the defendant never were found competent, resulting in no appellate review; (2) if the defendant were found competent and acquitted, there would be no appellate review; and (3) if the defendant were found competent and

convicted, there could be appellate review "but the matter of the relief to be granted if the order were found to have been erroneous would be moot." Id. at 239.

The ruling appealed from in Gold was said to be "[u]nlike a ruling that the defendant is competent and must proceed to trial, which could be effectively reviewed and remedied, if erroneous, on appeal from any final judgment against him." Id.; see also United States v. No Runner, 590 F.3d 962, 964 (9th Cir. 2009) ("A pretrial competency order does not conclusively determine the question of competency and it can be effectively reviewed following the final judgment."). We now apply the dictum in Gold to the case before us and hold that the denial of a psychiatric examination, which is in effect a holding that Culbertson is competent to stand trial and must proceed to trial, is not immediately appealable.[1]

IV.    Conclusion

The appeal is dismissed for lack of jurisdiction, and Culbertson's motion to proceed in forma pauperis and for appointment of counsel in this court are denied as moot. It is so ordered.

---

[1] We note that the Gold dictum was followed in United States v. Barth, 28 F.3d 253 (2d Cir. 1994), which held that a "first-step" order committing a defendant for psychiatric evaluation following conviction was not appealable.