United States v. Doe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
        DENNIS JACOBS,
        GERARD E. LYNCH,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    14-572

JOHN DOE,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

Appeal from an order of the United States District Court for the Eastern District of New York.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal be DISMISSED, and the petition for mandamus be DENIED.

John Doe appeals from an oral order of the United States District Court for the Eastern District of New York, granting the government's motion for a protective order that would allow proffer statements made by Doe to be disclosed to his codefendants. Doe argues the government is contractually barred from disclosure to his codefendants unless he triggers a condition set forth in the proffer agreements. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The government contests our jurisdiction to hear this interlocutory appeal. Typically, this Court lacks jurisdiction to entertain an appeal until the district court renders a final judgment. See 28 U.S.C. § 1291. Doe, however, argues his appeal is properly brought pursuant to the collateral order doctrine, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), or as a petition for a writ of mandamus, see In re Zyprexa Prods. Liab. Litig., 594 F.3d 113, 118 (2d Cir. 2010).

The collateral order doctrine permits an appeal of a "'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (quoting Cohen, 337 U.S. at 545-46). Only decisions "'that

are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action'" fall within this exception to the rule of finality. Id. (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995)). "In making this determination, we do not engage in an individualized jurisdictional inquiry. Rather, our focus is on the entire category to which a claim belongs." Id. at 107 (internal quotation marks and citations omitted).

The policy embodied in 28 U.S.C. § 1291 "is at its strongest in the field of criminal law." United States v. Culbertson, 598 F.3d 40, 46 (2d Cir. 2010) (internal quotation marks omitted). As Doe's counsel concedes, disclosure of these proffer statements is a routine practice; we therefore cannot conclude that the "entire category," Mohawk Indus., 558 U.S. at 107, of orders sanctioning the disclosure of proffer statements raises issues of such importance as to justify an exception to the final judgment rule. We conclude that we lack jurisdiction to hear Doe's appeal.

Alternatively, we may construe Doe's appeal as a petition for a writ of mandamus. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); see also 28 U.S.C. § 1651(a). Mandamus, however, "'is a drastic and

3

extraordinary remedy reserved for really extraordinary causes. . . . [O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy.'" In re Zyprexa, 594 F.3d at 118 (quoting Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004)). The district court's order does not rise to such an abuse of discretion. Again, the disclosure of proffer statements such as these is a common practice and the court issued a protective order in light of Doe's safety concerns. Therefore, we deny Doe's petition for a writ of mandamus.

That said, our disposition does not endorse the district court's decision, nor limit the ability of the court to reconsider its order, including giving further consideration to the advisability of more restrictive conditions on the government's proposed disclosures, in light of the refinement of the government's position during the pendency of the appeal. While before the district court the government took the position that it had an obligation to disclose Doe's proffer statements to his codefendants prior to trial, the government has retreated from that position before us.

This change in the government's position may justify another review of the factors relevant to an appropriate

4

protective order in light of Doe's concerns for the safety of his family. The government advised the district court that it saw no safety concerns because Doe was not identified as a cooperating witness. Yet the government had earlier taken pains to offer Doe reassurance that the government had not disclosed the proffer statements or identified him as a potential cooperating witness. It requires no great leap for codefendants to fear that Doe might become a damaging cooperating witness.

The government also took the position in the district court that safety is a factor that need not be considered while the appellant is separated from his codefendants. This position discounts the risk that the pretrial detainees may have undetained allies perform retaliatory or intimidatory acts against the family of a codefendant whom they learn has made extensive incriminating statements about them, and who they fear may decide to cooperate with the government.

The benefits of resolving anticipated issues before trail may in this instance be attenuated; Doe will have a strong incentive to avoid triggering admissibility of his statements, and the ability of co-defendants' counsel to redact the statements prior to trial may be impaired by the

5

difficulty of knowing in advance what portions of the statements (if any) may ultimately be admissible.

For the foregoing reasons, Doe's appeal is **DISMISSED** for want of jurisdiction and, to the extent it may be construed as a petition for a writ of mandamus, the petition is **DENIED**.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK