14-3609 (L)
United States v. Pons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of June, two thousand fifteen.

Present:      AMALYA L. KEARSE,
              ROSEMARY S. POOLER,
              CHRISTOPHER F. DRONEY,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                   *Appellee*,

          v.                                    14-3609 (L), 14-3707 (CON),
                                                14-4651 (CON)

ARMANDO D. PONS,

                   *Defendant-Appellant*.[1]

---

Appearing for Appellant:      Yvonne Shivers, New York, NY.

Appearing for Appellee:       Kathryn M. Martin, Assistant United States Attorney (Justin
                              Anderson, Assistant United States Attorney, Preet Bharara, United
                              States Attorney for the Southern District of New York, *on the
                              brief*), New York, NY.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be and it hereby is **AFFIRMED**.

Armando D. Pons appeals from the order entered on December 5, 2014, by the United States District Court for the Southern District of New York (Seibel, *J.*), finding Pons incompetent to participate in criminal proceedings and committing him to the custody of the Attorney General for a period of evaluation not to exceed four months. *See* 18 U.S.C. § 4241(d)(1). On appeal, Pons contends that the district court clearly erred when it determined that he was presently suffering from a mental disease or defect that rendered him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"The constitutional right to due process is violated when a person who is incompetent is convicted of a crime, whether the conviction follows a trial or a plea of guilty." *Harris v. Kuhlmann*, 346 F.3d 330, 349 (2d Cir. 2003). Accordingly, if, after a hearing, the district court:

> finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

18 U.S.C. § 4241(d); *see also United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008) ("[O]nce a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory."). A district court's order of commitment pursuant to 18 U.S.C. § 4241(d)(1) is immediately appealable as a collateral order. *See United States v. Gold*, 790 F.2d 235, 238–39 (2d Cir. 1986).

---

[2] Pons also appealed the district court's September 15, 2014 decision, ordering Pons to undergo a competency evaluation, and its September 5, 2014 order, denying Pons's motion for assignment of new counsel. As Pons concedes in his brief, we lack jurisdiction to review either of these two decisions, *see United States v. Gold*, 790 F.2d 235, 239 (2d Cir. 1986); *United States v. Culbertson*, 598 F.3d 40, 49 (2d Cir. 2010), the second of which is moot in any event, as Pons has since retained new counsel.

"The test of competency under this section is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *United States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990) (alteration omitted) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). This standard determines both competence to stand trial and competence to plead guilty. *See United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998); *United States v. Nichols*, 56 F.3d 403, 413 (2d Cir. 1995). "The inquiry involves an assessment of whether the accused can assist in such ways as providing accounts of the facts, names of witnesses, etc. But it is not sufficient merely that the defendant can make a recitation of the charges or the names of witnesses, for proper assistance in the defense requires an understanding that is rational as well as factual." *Hemsi*, 901 F.2d at 295 (internal citations and quotation marks omitted).

The district court's finding as to a defendant's competence is a factual determination that "may not be overturned unless it is clearly erroneous." *Gold*, 790 F.2d at 239. In making its assessment, the district court may take account of a number of factors, including "medical opinion as well as its own observation of the defendant's conduct." *Morrison*, 153 F.3d at 46. Furthermore, while defense counsel's representations concerning his client's competence are "unquestionably a factor which should be considered, . . . it is indisputable that courts are not required to accept the representations of defense counsel 'without question.'" *Harris*, 346 F.3d at 354–55 (quoting *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975)).

In finding Pons incompetent, the district court here relied in part on the report and testimony of Dr. Dana Brauman. After interviewing Pons for a total of ten hours over the course of six meetings, Dr. Brauman unequivocally opined that Pons lacked the capacity to apply his factual knowledge of court terminology to his own case due to his delusions and the disorganization of his speech and thought processes occasioned by his paranoid schizophrenia. The district court found that Pons displayed each of these symptoms in his testimony at the December 2, 2014 hearing, where he offered "long, rambling" responses that were "incredibly off point" and demonstrative of the "disjointed thinking" described in Dr. Brauman's report. The district court also observed that Pons exhibited paranoid delusions when he testified to his suspicion regarding the Internal Revenue Service's potential role in causing his 2010 car accident in Los Angeles. Further bolstering this conclusion, the district court noted that, against the advice of counsel, Pons had submitted pro se a fairly steady stream of irrational filings, the content of which demonstrated that he did not have a rational understanding of the proceedings or sufficient rational capacity to consult with counsel or assist in preparing his defense. Considering all of the evidence before the district court at the time of the December 2, 2014 hearing, we find no error, let alone clear error in its determination that Pons was incompetent to proceed to a plea colloquy.

In affirming the district court's finding of incompetence, we are cognizant of the fact that, if Pons were permitted to plead guilty pursuant to his plea agreement, he would likely be released in a matter of months. But, as the district court recognized, this fact does not permit a court to convict or sentence a defendant who is incompetent to understand or participate in the proceedings against him. Mindful of these circumstances, we expect that the district court will

resolve the remaining issues regarding Pons's potential ability to regain competency within the time limitations of Section 4241(d) as well as "the reasonable time limitations of due process." *Magassouba*, 544 F.3d at 416.

For the foregoing reasons, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk