19-4276
Smurphat v. Hobb

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Kevin C. Smurphat, II,

> *Plaintiff-Appellant*,

> v.                                                              19-4276

Michael Hobb, Parole Officer, Sharron
Tabone, Senior Parole Officer, Chris Sawyer,
Parole Officer, Kyle Reif, Parole Officer,
Scott Bailey, Parole Officer, Rick Hotaling,
Senior Parole Officer, Jeff Kirker, Bureau
Chief, Ken Gilbert, Regional Director,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Kevin C. Smurphat, II, *pro se*, Malone, NY.

FOR DEFENDANTS-APPELLEES:        No appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Kevin C. Smurphat II, *pro se*, appeals from an order of the district court entered on December 13, 2019 (the "December 13 Order"), *sua sponte* dismissing his civil rights complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. More specifically, in adopting the magistrate judge's report and recommendation, the district court dismissed certain of Smurphat's claims with prejudice and other claims without prejudice, and allowed him to file an amended complaint within thirty days. Smurphat then filed an interlocutory appeal from the December 13 Order, resulting in the present proceeding. He later filed an amended complaint in the district court, which has not yet been served on defendants, and remains pending for review before the magistrate judge. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court has appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291; *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (per curiam). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008); *see also* Fed. R. Civ. P. 54(b) (stating that unless the district court enters partial final judgment, an order "that adjudicates fewer

2

than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"). A district court's non-final order is only appealable if: (1) the order relates to an injunction; (2) the district court certifies the order for immediate appeal under 28 U.S.C. § 1292(b); (3) the district court enters partial final judgment under Federal Rule of Civil Procedure 54(b); or (4) the order falls within the collateral order doctrine (or other statutes or rules not relevant to this appeal). *See United States v. Culbertson*, 598 F.3d 40, 45-46 (2d Cir. 2010).

Smurphat contends that the Court has jurisdiction under 28 U.S.C. § 1291. We disagree. The December 13 Order is non-final under § 1291 because the district court granted Smurphat the opportunity to amend certain claims and, thus, did not conclusively determine all pending claims. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable."). In order to render such an order final and appealable, an appellant must disclaim any intent to re-plead, or the appellant must no longer be able to file an amended complaint because the deadline for such filing has expired. *Id.* at 224 n.7. Here, Smurphat filed an amended complaint, which remains pending before the magistrate judge.[1] Moreover, the district court has not entered partial final judgment under Rule 54(b) as to the claim

---

[1] We note that, after Smurphat filed the Notice of Appeal and failed to file an amended complaint by the deadline set in the December 13 Order, the district court directed the Clerk of the Court to enter judgment in favor of defendants and close the action. Thereafter, Smurphat filed a motion to vacate the judgment in which he indicated that, although he was attempting to appeal the district court's decision, he also wished to file the amended complaint, which was attached to his motion. The district court subsequently granted Smurphat's motion to vacate the judgment because of his *pro se* status and his desire not to end the case, and the district court directed the Clerk of the Court to file Smurphat's amended complaint for review by the magistrate judge in accordance with the December 13 Order. Therefore, as stated above, the amended complaint is currently pending review before the magistrate judge, and the December 13 Order continues to be non-final.

discussed in Smurphat's brief (or any other claim), nor has the district court certified the December 13 Order for interlocutory appeal under § 1292(b). Finally, although Smurphat has requested injunctive relief along with monetary damages in both his initial complaint and amended complaint, he did not move for an injunction in the district court, and the December 13 Order does not relate to the issue of injunctive relief. Thus, the issue of injunctive relief remains unresolved in the ongoing proceedings related to the amended complaint and cannot provide a basis for interlocutory appeal of the December 13 Order. *See Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 359 (2d Cir. 2000) (finding that the district court's order dismissing certain claims was non-appealable notwithstanding the fact that the complaint generally sought preliminary and permanent injunctive relief). In short, because the December 13 Order is non-final and no exception to the final judgment rule applies, we lack jurisdiction over this appeal.

For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court