20-1293-cv
*Burke v. Johnson Controls, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           RICHARD J. SULLIVAN,
                    *Circuit Judges.*

_____

BRIAN BURKE,

                  *Plaintiff-Appellant,*

                  v.                                                          20-1293-cv

JOHNSON CONTROLS, INC., NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION
(BELLEVUE), MADELINE O'BRIEN, M.D., NEW YORK
CITY POLICE DEPARTMENT, NEW YORK CITY FIRE
DEPARTMENT, CITY OF NEW YORK, CORPORATION
COUNSEL OF THE CITY OF NEW YORK,

                  *Defendants-Appellees,*

VERIZON COMMUNICATIONS, INC., RYAN CAMIRE,
L.C.S.W., TRANSPORT WORKERS UNION LOCAL 100,
JOHN/JANE DOE, ET AL., DERICK ECHEVARRIA,
HOUSING AND SERVICES, INC., KENMORE HOUSING
DEVELOPMENT FUND CORPORATION, KENMORE
HOUSING CORPORATION, KENMORE ASSOCIATES,
L.P., CITY UNIVERSITY OF NEW YORK, NEW YORK

1

STATE ATTORNEY GENERAL, NEW YORK CITY
TRANSIT AUTHORITY,

*Defendants.*\*

---

**FOR PLAINTIFF-APPELLANT:**                   Brian Burke, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**               William E. Vita, Westerman Ball Ederer
                                            Miller Zucker & Sharfstein, LLP,
                                            Uniondale, NY (for Johnson Controls,
                                            Inc.);

                                            Scott Shorr, Susan Paulson, Assistant
                                            Corporation Counsel, for James E.
                                            Johnson, Corporation Counsel of the City
                                            of New York, New York, NY (for New
                                            York City Health & Hospitals Corp.,
                                            (Bellevue), New York City Police
                                            Department, New York City Fire
                                            Department, and the City of New York).

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *J.*) entered on March 29, 2019.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and hereby is **DISMISSED**.

Appellant Brian Burke, proceeding *pro se*, sued numerous defendants under federal and state law. The district court dismissed the amended complaint with respect to all but six of the defendants. It did not enter partial judgment or certify the order for immediate appeal. Burke appealed. The district court proceedings continued with respect to the undismissed defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "A final . . . order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). A district court order other than a final decision under § 1291 is appealable only if (1) the order relates to an injunction; (2) the district court certifies the order for immediate

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

appeal under 28 U.S.C. § 1292(b); (3) the district court enters partial final judgment under Federal Rule of Civil Procedure 54(b); or (4) the order falls within the collateral order doctrine. *See United States v. Culbertson*, 598 F.3d 40, 45–46 (2d Cir. 2010).

Here, the district court's order of dismissal was not a final judgment. Although the district court dismissed most of the defendants, proceedings continued against the remaining six defendants. The district court did not direct entry of judgment pursuant to Rule 54(b) or certify the order for immediate appeal under 28 U.S.C. § 1292(b). Nor does the order involve an injunction or fall into any other exception listed in § 1292(a).

The order also does not fall under the collateral order doctrine because it does not resolve important issues completely separate from the merits of the action and Burke may appeal the dismissal order after final judgment. *See Schwartz v. City of New York*, 57 F.3d 236, 237–38 (2d Cir. 1995). Burke's appeal is therefore from a nonfinal order and must be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk